UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Donald Albert Strobel,         Civ. No. 19-583 (NEB/BRT)

    Petitioner,

v.         **REPORT AND RECOMMENDATION**

Jeff Titus,

    Respondent.

---

Donald Albert Strobel, Reg. No. 117443, MN Correctional Facility, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Edwin William Stockmeyer, III, Esq., and Matthew Frank, Esq., Office of the Minnesota Attorney General, and Travis James Smith, Esq., Murray County Attorney's Office, counsel for Respondent.

---

BECKY R. THORSON, United States Magistrate Judge

    This matter comes before the Court on Petitioner Donald Strobel's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. (Doc. No. 1, Pet.) This matter was referred pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1. For the reasons stated herein, the Court recommends dismissing the Petition.

## I.    Background

    Petitioner was convicted of first-degree sale of a controlled substance and second-degree possession of a controlled substance in Minnesota state court. *State of Minnesota v. Strobel*, 921 N.W.2d 563, 567 (Minn. Ct. App. 2018). On direct appeal, Petitioner argued that the district court violated his right to a speedy trial and that his sentence for

1

the first-degree controlled-substance offense was based on an incorrect criminal-history score. *Id.* The Minnesota Court of Appeals affirmed Petitioner's convictions, reversed his sentence for the first-degree controlled-substance offense, and remanded the case for resentencing. *Id.* Both Petitioner and the State petitioned the Minnesota Supreme Court for further review. (Doc. No. 13-1, Appellate R. 110.) Petitioner sought review of whether he was denied his right to a speedy trial. (*Id.* at 93.) The State petitioned for review of whether a prior felony conviction may be classified as a felony for purposes of calculating a defendant's criminal-history score even if the conduct underlying the prior felony conviction constitutes a gross misdemeanor under current law. (*Id.* at 82.) The Minnesota Supreme Court granted the State's petition for review and denied Petitioner's petition.[1] (*Id.* at 110.)

Petitioner filed this petition for habeas relief on March 11, 2019, raising two grounds for relief. First, Petitioner argues that his right to a speedy trial was violated. (Pet. 6.) Second, he argues that his criminal-history score was calculated incorrectly. (*Id.* at 8.)

## II.     Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws

---

[1]     On August 14, 2019, after Petitioner filed this petition for federal habeas relief the Minnesota Supreme Court affirmed the decision of the Minnesota Court of Appeals. *State of Minnesota v. Strobel*, 932 N.W.2d 303, 304 (Minn. 2019).

treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### A. Exhaustion of Claims

Respondent argues that Petitioner has not exhausted the claims raised in his § 2254 petition. (Doc. No. 12, Resp.'s Mem. 11.) Federal courts are prohibited from granting habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State."[2] 28 U.S.C. § 2254(b)(1)(A). To exhaust state court remedies, a petitioner must fairly present his claims to the highest available state court before seeking relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The exhaustion requirement of § 2254(b) ensures that state courts have an opportunity to fully consider federal law challenges to a state custodial judgment before the lower federal courts consider a collateral attack on that judgment. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). The requirement prevents federal courts from granting habeas relief based on unexhausted claims where the state remedies are "still

---

[2]    28 U.S.C. § 2254(b)(1)(B) provides that, in the absence of exhaustion, the Court may grant relief where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."

3

open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

1. Speedy-Trial Claim

Petitioner presented his speedy-trial argument to the Minnesota Court of Appeals. He then petitioned the Minnesota Supreme Court for further review of his speedy-trial argument. Having raised this argument "in each appropriate state court," Petitioner has exhausted his speedy-trial claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

2. Criminal-History-Score Claim

Respondent contends that Petitioner failed to exhaust his criminal-history-score claim because he did not present it to the Minnesota Supreme Court. Here, Petitioner did not present his criminal-history-score argument to the Minnesota Supreme Court, and that remedy was no longer available at the time Petitioner filed his petition for habeas relief. Minn. R. Civ. App. P. 117, subd. 1(a) (providing that petition for review shall be filed within 30 days of the filing of the Court of Appeals' decision). Minnesota provides only limited collateral review of convictions—where a direct appeal has been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief. *Murray v. Hvass*, 269 F.3d 896, 899 (8th Cir. 2001) (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)).

Even if the claim was exhausted, however, Petitioner's criminal-history-score claim is not suitable. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (quotation omitted). Petitioner

4

challenges the correctness of his criminal history score exclusively under Minnesota law—specifically, the proper interpretation of the Minnesota Sentencing Guidelines—and has alleged no deprivation of federal rights. "If a state prisoner alleges no deprivation of a federal right, § 2254 is inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." *Id.* at 121 n. 19. Consequently, Petitioner's criminal-history-score claim is not suitable for habeas relief.

### 3. Consideration of Remaining Exhausted Federal Claim

Respondent argues that the Court should dismiss the petition because it contains both exhausted and unexhausted claims. But where the Petitioner's "claim could be construed only as a state law claim, then failure to exhaust this claim would not prevent the district court from considering the remaining exhausted federal claim." *Nelson v. Solem*, 714 F.2d 57, 60 n. 2 (8th Cir. 1983). The Court will therefore consider Petitioner's remaining federal speedy-trial claim.[3]

---

[3] The Court notes the unusual procedural posture of the instant petition. The Minnesota Supreme Court granted the state's petition for review of the question of whether Strobel's criminal-history score was calculated correctly, but it denied Petitioner's petition. Generally, when an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his direct appeal before state remedies are exhausted, even where the issue to be challenged in the federal writ of habeas corpus has been finally resolved in the state courts. Brian R. Means, *Federal Habeas Manual* § 9C:47 (2019). In such circumstances, federal courts generally abstain as a matter of comity, not one of jurisdiction. *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). Respondent has not raised this argument, so the Court considers it waived. *See, e.g., Unites States v. Peacock*, 256 Fed. Appx. 9 (8th Cir. 2007) (explaining that an argument not raised in an opening brief is considered waived).

**B.     Speedy-Trial Claim**

Petitioner's trial was originally set for March 20, 2017, which was within the 60-day timeframe required by Minn. R. Crim. P. 11.09 (b). (Doc. No. 13-1, Appellate R. 71–72.) On the day of trial, the State discovered that the Minnesota Bureau of Criminal Apprehension scientist who had tested some of the controlled substances was on vacation and, thus, unable to testify. (*Id.* at 72.) Over Petitioner's objection, the district court granted the State's request for a continuance. (*Id.*) The district court released Petitioner with instructions to return for trial on April 10, 2017. The trial was held on April 11-12, 2017.[4] Petitioner argues that his statutory right to a speedy trial was violated because he was not brought to trial as provided by Minnesota law. The question on habeas review, however, is whether Petitioner is being held in violation of clearly established *federal* law. *Stewart v. Nix*, 972 F.2d 967, 970 (8th Cir. 1992) (explaining that a state statute providing a 90-day deadline to begin trial after indictment "has no bearing on whether the State violated Stewart's *federal* right to a speedy trial as protected by the Sixth Amendment.").

The Sixth Amendment to the Constitution of the United States provides the right to a speedy trial. This right is imposed on the states by the Due Process Clause of the Fourteenth Amendment. *Kloper v. North Carolina*, 386 U.S. 213(1967). The United States Supreme Court identified four factors for courts to consider in determining

---

[4]     Petitioner absconded on April 12, 2017, and the district court issued a warrant for his arrest. (Doc. No. 13-1, Appellate R. 72.) The jury found Petitioner guilty as charged. (*Id.*) Petitioner remained at large for two months. He was sentenced on October 18, 2017. (*Id.* at 82.)

6

whether a defendant has been deprived of this right: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

"The first factor under *Barker*, the length of the delay, is a triggering mechanism. Absent a delay that is presumptively prejudicial, inquiry into the other factors is unnecessary." *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). A delay approaching a year between the accusation and trial may meet the threshold for presumptively prejudicial delay requiring application of the remaining *Barker* factors. *United States v. Walker*, 840 F.3d 477, 485 (8th Cir. 2016); *see also Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992) (noting that lower courts generally found delay presumptively prejudicial when it approaches one year).[5]

Petitioner was charged on December 21, 2016, trial was held on April 11–12, 2017, and the district court entered judgments of conviction upon the jury finding Petitioner guilty. *Strobel*, 921 N.W.2d at 568. The Sixth Amendment's Speedy Trial Clause protects the presumptively innocent from long enduring criminal charges between accusation and conviction. *Betterman v. Montana*, 136 S.Ct. 1609, 1618 (2016).[6] Here,

---

[5]   The footnote in *Doggett* referenced information from 2 W. LaFave & J. Israel, *Criminal Procedure* § 18.2, p. 405 (1984). LaFave has since been updated. *See* 5 W. LaFave & J. Israel, *Criminal Procedure* § 18.2(b), p. 130 ("While some courts still follow the eight-month mark, or even something shorter, most have settled on a somewhat longer period, such as nine months or, more commonly, a time 'approaching,' at, or slightly (or even more than slightly) beyond one year.").

[6]   Minnesota state law provides that delays beyond 60 days from the date of demand raise a presumption that a speedy trial violation has occurred. *State v. Windish*, 590 N.W.2d 311, 316 (Minn. 1999). This presumption is premised on Minnesota's procedural

the delay between accusation and conviction was less than four months. Such a delay is not presumptively prejudicial. *Cf. United States v. Cooke*, 853 F.3d 464, 472 (8th Cir. 2017) (delay just shy of nine months was not presumptively prejudicial due to complexity of case); *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) (holding eight-month delay was not presumptively prejudicial given complexity of the case); *United States v. McFarland*, 116 F.3d 316, 318 (8th Cir. 1997) (concluding seven-month delay between indictment and trial too brief to trigger Sixth Amendment speedy trial claim); *Jenkins v. Purkett*, 963 F.2d 1117, 1118 (8th Cir. 1992) (sixth-month delay not presumptively prejudicial). Consequently, inquiry into the other factors is unnecessary and Petitioner's case does not present a federal constitutional speedy trial violation.[7]

### C.  No Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

---

rule providing for a speedy trial, which states that a defendant shall be tried "as soon as possible after entry of a plea other than guilty. On demand made in writing or orally on the record by the prosecuting attorney or the defendant, the trial shall be commenced within sixty (60) days from the date of the demand unless good cause is shown." Minn. R. Crim. P. 11.10. The Minnesota Court of Appeals, therefore, determined that the delay between Strobel's demand and the beginning of trial (approximately 75 days) was presumptively prejudicial. *Strobel*, 921 N.W.2d at 569. But, again, the question on habeas review is whether Strobel is being held in violation of clearly established *federal* law. *Stewart*, 972 F.2d at 970. Accordingly, whether the delay was presumptively prejudicial under federal law—not Minnesota law—is the starting point for the Court's analysis.

[7]  Even if the other factors were considered, the delay did not deprive Petitioner of the right to a speedy trial, because the reason for the delay—witness unavailability—was justifiable. Further, Petitioner has not made any showing that the delay impaired his ability to present a defense to establish prejudice. *See* Strobel, 921 N.W. 2d at 572–73.

Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is unlikely that reasonable jurists would find the question of whether Petitioner is entitled to habeas relief on his criminal-history score calculation debatable, or that another court would decide this petition differently. This Court reaches the same conclusion for Petitioner's speedy-trial claim, and therefore recommends that a Certificate of Appealability not issue.

## RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Donald Strobel's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, (**Doc. No. 1**), be **DENIED;**

2. A Certificate of Appealability not issue; and

3. This action be **DISMISSED WITH PREJUDICE.**

Date: December 20, 2019         *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                U.S. Magistrate Judge

9

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.